

**U.S. Department of Justice**

*United States Attorney*
*Eastern District of New York*

NMA:EAG/AL                                   *271 Cadman Plaza East*
F.#2010R00153                                *Brooklyn, New York  11201*

October 25, 2011

By ECF and Hand Delivery

The Honorable Kiyo A. Matsumoto
United States District Judge
United States District Court
225 Cadman Plaza East
Brooklyn, NY 11202

            Re:   United States v. Theodore Persico, Jr.
                  Criminal Docket No. 11-0030 (KAM)

Dear Judge Matsumoto:

        The government respectfully submits this letter-motion to quash the defendant's subpoena in the above-referenced case. As set forth herein, the defendant seeks to subpoena witness statements for impeachment evidence, despite Supreme Court case law and the explicit provision of Federal Rule of Criminal Procedure 17(h) to the contrary.  The subpoena should therefore be quashed.

I.   Background

        On October 24, 2011, the defendant filed a motion with the Court, apparently pursuant to Rule 17 of the Federal Rules of Criminal Procedure, seeking a subpoena compelling the Metropolitan Detention Center in Brooklyn, New York, (the "MDC") to produce to the defendant the recordings of all telephone calls made by inmate Anthony Russo.  In support of his application, the defendant stated that Russo will be a "key government witness against [the defendant]."

II.  The Subpoena Should Be Quashed and the
     Recordings Returned to the MDC

     A.   Applicable Law

        The use of Rule 17 subpoenas in criminal cases is governed by the Supreme Court's decision in United States v.

Nixon, 418 U.S. 683 (1974). The Nixon Court principally recognized that the Rule 17 subpoena "was not intended to provide a means of discovery for criminal cases." Nixon, 418 U.S. at 698. It therefore held that, in order to require production of materials prior to trial, the moving party must show:

> (1) that the documents are evidentiary and relevant; (2) that they are not otherwise procurable reasonably in advance of trial by exercise of due diligence; (3) that the party cannot properly prepare for trial without such production and inspection in advance of trial and that the failure to obtain such inspection may tend unreasonably to delay the trial; and (4) that the application is made in good faith and is not intended as a general "fishing expedition."

Id. at 699-700 (citing Bowman Dairy Co. v. United States, 341 U.S. 214, 220 (1951)). The Court specified that, "[a]gainst this background," the subpoena proponent must "clear three hurdles: (1) relevancy; (2) admissibility; (3) specificity." Id. at 700 (emphasis added).

Applying those principles, including the requirement of establishing admissibility, the Nixon Court held that Rule 17 subpoenas could generally not be used to obtain impeachment materials. See id. at 701 ("Generally, the need for evidence to impeach witnesses is insufficient to require its production in advance of trial.").

Finally, the Federal Rules of Criminal Procedure explicitly preclude the use of subpoenas to seek prior statements by prospective witnesses. In particular, Rule 17(h) provides that "[n]o party may subpoena a statement of a witness or of a prospective witness under this rule. Rule 26.2 governs the production of the statement." See Fed. R. Crim. P. 17(h). Rule 26.2, in turn, provides that prior statements of witnesses are discoverable only after the witness has testified on direct examination. See Fed. R. Crim. P. 26.2(a); 18 U.S.C. § 3500(a).

Applying Nixon and Rule 17(h), courts in this Circuit have routinely quashed pretrial defense subpoenas seeking prior statements by prospective government witnesses, including recordings of inmate calls. See, e.g., United States v. Hatfield, 2009 U.S. Dist. LEXIS 60184, *2-*4 (E.D.N.Y. July 14, 2009) (quashing subpoena for witness statements because it failed to meet the Nixon requirements and violated Rule 17(h) and Section 3500); United States v. Vazquez, 258 F.R.D. 68, 72-73

(E.D.N.Y. 2009) (subpoena did not meet Nixon requirements and violated Rule 17(h)); United States v. Khan, 2009 U.S. Dist. LEXIS 8692, *8-*9 (E.D.N.Y. Jan. 20, 2009) (quashing subpoenas for prior statements of potential government witnesses because they violated Rule 17 and Section 3500); United States v. Barnett, 2006 U.S. Dist. LEXIS 54170, *1-*2 (S.D.N.Y. Aug. 3, 2006) (subpoena for recorded MDC calls of potential government witness quashed because it failed to meet Nixon requirements); United States v. DiPietro, 2005 U.S. Dist. LEXIS 10351, *2-*3 (S.D.N.Y. May 25, 2005) (subpoena for recorded MDC calls by government witness quashed because "far beyond the bounds of permissible discovery in a criminal case"); United States v. Hutchinson, 1998 U.S. Dist. LEXIS 21426, *1-*6 (E.D.N.Y. Dec. 23, 1998) (subpoena for recorded MDC calls of a potential witness did not meet Nixon requirements because of lack of specificity).

B.   Discussion

The defendant's subpoena for recorded MDC calls of an (allegedly) prospective government witness should be quashed because it plainly fails to meet the Nixon requirements for a Rule 17 subpoena, and violates Rule 17(h) and 18 U.S.C. § 3500.

First, the subpoena is subject to quashing under Nixon requirements because it does not seek "evidentiary" materials, or "admissible" evidence. Absent any basis to conclude that the recordings would be admissible at trial, the subpoena should be quashed. Nixon, 418 U.S. at 699-701.

Second, even putting aside the general rule that subpoenas may be quashed unless they seek admissible evidence, the subpoena should also be quashed pursuant to Nixon's relevance and specificity requirements and prohibition on "fishing expedition[s]." The defendant does not indicate with any specificity why the Russo recordings would be relevant even as impeachment. The defendant offers no basis to conclude that Russo will in fact be a witness; that he will testify at the defendant's trial; or that his recorded conversations are, in fact, impeachment material. In short, nothing in the defendant's motion establishes that the subpoena is anything other than a fishing expedition.

Third, even putting aside the subpoena's failure to comply with the Nixon requirements, the subpoena violates Rule 17(h), which prohibits the use of a subpoena to obtain prior statements by a prospective witness. The defendant offers no reason to conclude that Rule 17(h) does not apply, and indeed does not mention Rule 17(h) in his motions. For the same reasons, the subpoena violates Rule 26.2(a) and 18 U.S.C.

§ 3500(a), which govern the timing and substance of the production of prior witness statements.

III. Conclusion

For the foregoing reasons, the government respectfully submits that the subpoena should be quashed.

Respectfully submitted,

LORETTA E. LYNCH
United States Attorney

By:      /s/
Elizabeth A. Geddes
Allon Lifshitz
Assistant U.S. Attorneys
(718) 254-6430/6164

cc: Clerk of the Court (KAM) (by ECF)
    Jonathan Marx, Esq. (by ECF)
    Nicole M. McFarland, Esq. (by email)