JONATHAN MARKS, P.C.
ATTORNEYS AT LAW
220 FIFTH AVENUE
3RD FLOOR
NEW YORK, N.Y. 10001

E-MAIL: jonmarkspc@gmail.com
URL: www.jonmarks.com

TEL: (212) 545-8008
FAX: (212) 889-3595

November 4, 2011

The Honorable Kiyo A. Matsumoto
United States District Judge
United States District Court
225 Cadman Plaza East
Brooklyn, NY 11202

      Re:    **United States v. Theodore Persico, Jr.**
               **Docket No.: 11-00030(KAM)**

Dear Judge Matsumoto:

      I write to Your Honor in response to the government's letter-motion dated October 25 to quash Theodore Persico, Jr.'s subpoena addressed to the Bureau of Prisons for recordings of a government witness's prison telephone conversations. For the reasons set forth below, we withdraw our request for the issuance of a subpoena until the eve of trial, in accordance with Judge Scheindlin's exhaustive opinion on the issue of non-party subpoenas under Rule 17 (c) in *United States v. Tucker*, 249 F.R.D. 58, 2008 U. S. Dist. LEXIS 11374 (SDNY 2008).

      In *Tucker*, a criminal defendant requested that a subpoena be issued for witnesses' inmate phone calls, asserting that the calls might contain information which could be used to impeach the witnesses. The government moved to quash the subpoena, citing *United States v. Nixon*, which set up high hurdles for a party to jump over in order to use a Rule 17(c) subpoena to obtain records. Judge Scheindlin held that the *Nixon* standard is inappropriate "where production is requested by (A) a criminal defendant; (B) on the eve of trial; (C) from a non-party; where the defendant has an articulable suspicion that the documents may be material to his defense. A defendant in such a situation need only show that the request is (1) reasonable, construed as "material to the defense," and (2) not unduly oppressive for the producing party to respond." at 66.

      Judge Irizarry came to the same conclusion in *United States v. Khan*, 2009 U.S. Dist. LEXIS 8692 (EDNY 2009). There, Judge Irizarry directed the Marshals to produce records relating to the transport of witnesses but ruled that the defense would be permitted to see them only after the direct-examination of each witness.

JONATHAN MARKS, P.C.

Hon. Kiyo A. Matsumoto
November 4, 2011
Page 2

Because the trial date has not yet been set in this case, it is premature for the defense to request a subpoena. Defendant, therefore, withdraws his motion with the intention of renewing it on the eve of trial.

Respectfully submitted,

Jonathan Marks

cc: Elizabeth A. Geddes, Esq.
Allon Lifshitz, Esq.
Assistant United States Attorneys